MARY LE BAHN, as Administratrix, etc., of JOHN LE BAHN, Deceased, Appellant, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

*Death caused by the negligence of a railroad company — failure of the deceased to make use of methods of protection.*

In an action brought against a railroad company to recover the damages sustained by reason of the death of the plaintiff's intestate, caused by his being run into by a railroad train, while the deceased was an employee of such company, it is immaterial whether or not the place of his employment could or could not have been made more secure, when it appears that the company had placed in the hands of the deceased, and under his control, two effectual methods of protecting himself from injury, the use of either of which would have saved him from harm.

APPEAL by the plaintiff, Mary Le Bahn, as administratrix, etc., of John Le Bahn, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Montgomery on the 25th day of October, 1893, upon the dismissal of the complaint directed by the court after a trial at the Montgomery Circuit before the court and a jury.

This action was brought to recover the damages sustained by reason of the death of the plaintiff's intestate, caused by his being run into by a railroad train.

*D. S. Morrel,* for the appellant.

*C. D. Prescott,* for the respondent.

MAYHAM, P. J.:

The learned judge at the Circuit dismissed the plaintiff's complaint on the ground that the plaintiff's intestate was guilty of contributory negligence in not signalling the east-bound train, by which he was struck and killed, to stop, by the use of the lantern signal, as he was instructed to do in case it was necessary to stop an east-bound train which had passed the semaphore signal, stationed 3,000 feet west of the station.

The undisputed evidence shows that the lantern signal could be seen for about 1,400 feet west of the station, and that an approaching train from the west could be seen from the station for that distance, and that if the lantern signal had been displayed, the east-bound train could and would have been stopped before reaching the station and thus the accident would have been averted. It was clearly a part of the duty of the deceased, as well for the protection of himself as that of the passengers and other persons on west-bound trains stopping at this station, either to turn the reel and thus display the danger signal at the semaphore, or, if the train going east passed the semaphore before that signal could be displayed, then to swing his lantern as soon as an approaching train from the west came in view, at as we have seen a distance of 1,400 feet from the station, and in that way halt the approaching train.

This the deceased failed to do, although he was notified that the east-bound train, then past due, had not passed, and might at any moment arrive. Had either of these precautions been adopted the fatal train would have been brought to a standstill before reaching the place of the accident.

It is idle to speculate whether or not the place of the employment of the deceased could or could not have been made more secure for the employees of the defendant at that point.

The defendant had, it would seem, done its whole duty to the deceased by placing in his hands and under his control two effectual methods of protecting himself from injury, either of which, if applied in this case, would have saved him from harm.

It can hardly be said as matter of law that the plaintiff in this

case proved the deceased free from contributory negligence. Nor was this one of the class of cases where the question of contributory negligence was involved in such doubt as to make it a question of fact for the jury.

The rule of law in this class of cases has been so frequently adverted to, and repeated in the courts, and so thoroughly settled in the courts of last resort, in this and other States, that the citation of authorities seems unnecessary.

The rule is well summarized by the learned trial judge in dismissing the plaintiff's complaint.

The judgment should be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.